UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**GOCLIPS LLC**, and **Z KEEPERS LLC**,
Florida limited liability companies,

        Plaintiffs,                Case No.

v.

**XIAMEN AOYIN INDUSTRY & TRADE
CO., LTD** doing business as **AOYIN
TOOLS** a company formed and domiciled in
the People's Republic of China,

        Defendant.

JURY TRIAL DEMANDED

_____/

## COMPLAINT

Plaintiffs, GOCLIPS LLC ("GoClips") and Z KEEPERS LLC ("Z Keepers") (together, "Plaintiffs"), for their Complaint against Defendant XIAMEN AOYIN INDUSTRY & TRADE CO., LTD doing business as AOYIN TOOLS (hereafter "Defendant"), allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs manufacture, market, sell and distribute patented devices used in anchoring sinks to the underside of hard countertop surfaces better known as *GoClips®*. Patented *GoClips®* products include the following:



2.      Defendant has in the past and continues to unlawfully manufacture, export, market, sell, and/or distribute counterfeit devices in the United States that are substantially the same as Plaintiffs' patented *GoClips®* products. In addition, Defendant has infringed and diluted Plaintiffs' trademark *GoClips®,* and has unlawfully used Plaintiffs' trade dress consisting in part of the product usage images and inherently distinctive shape and design of Plaintiffs' *GoClips* sink anchors. Plaintiffs are also entitled to damages from Defendant for Defendant's unfair and deceptive trade practices. Finally, Plaintiffs seek to enjoin Defendant's further export and sale of the counterfeit devices from the People's Republic of China into the United States, as well as Defendant's unlawful use of Plaintiffs' mark and trade dress in the United States.

## THE PARTIES

3.      Z Keepers is a Florida limited liability company. Z Keepers provides manufacturing services for sink-anchoring products for the granite countertop industry, including *GoClips®* products.

2

4.    GoClips is a Florida limited liability company. GoClips is a distributor for sink-anchoring products for the granite countertop industry manufactured through Z Keepers.

5.    Defendant is a company formed in the People's Republic of China and having its base of operations in the Fujian province of the People's Republic of China. Defendant exports, markets, sells, and distributes counterfeit sink anchoring clips that are identical in appearance, form and function to authentic GoClips® anchoring clamps used to undermount sinks to countertop surfaces.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) insofar as this is a civil action for patent infringement arising under the *Patent Act*, 35 U.S.C. §§ 271 *et. seq.,* and for trademark infringement and false designation of origin under sections 32 and 43 of the *Lanham Act*, 15 U.S.C. §§ 1051 *et. seq*.

7.    This Court has personal jurisdiction over Defendant because Defendant engaged in substantial and not isolated activity within Georgia consisting of the importing, marketing, sale and distribution of devices that infringe the patents at issue in this Complaint and by infringing Plaintiff's registered trademark in Georgia.

8.    Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391(b)(1, 2) and 1400 insofar as (i) Defendant regularly conducts business in this District, (iii) a substantial part of the events giving rise to this action occurred in this District, and (iv) this case arises out of acts of infringement that Defendant committed within this District.

## FACTS COMMON TO THE CLAIMS PLED

### The '754 Patent

9.    David Smith ("Smith") is a graduate of Georgia Institute of Technology and the inventor of *GoClips*® products.  Smith spent decades in the home construction and remodeling industry, developing several products used by both professional installers and DYI project enthusiasts used in anchoring sinks to countertops. Smith filed the application for his invention, described as "Sink Clamp and Methods", on or about December 10, 2014.

10.    On November 28, 2017, U.S. Patent No. 9,828,754 (the "'754 patent"), was issued by the United States Patent and Trademark Office ("USPTO") in the name of David Smith, entitled "Sink Clamp and Methods." A true copy of the '754 patent is attached as ***EXHIBIT A***.

11.    The '754 Patent describes and claims, among other things, a clamp and clamping method for undermounting a sink to a hard surface. All right title and

interest in the '754 patent has been assigned to Z Keepers as recorded with the USPTO.

12.     GoClips has been granted marketing, sale and distribution rights for the invention claimed in the '754 patent.

13.     Plaintiffs manufacture, market, sell and distribute *GoClips®* devices, which duly embody the claims of the '754 patent, including those depicted in paragraph 1 above.

14.     Plaintiffs have advertised, marketed, and otherwise promoted the *GoClips®* undermount sink anchors in print media, on the internet (*see e.g.* https://www.youtube.com/watch?v=lxJU5LH8MkQ

http://www.goclips.com/,    and    https://www.amazon.com/GoClips-5-Second-Anchors-Undermount-Sinks/dp/B00YT822FU/ref=sr_1_2?crid=NCCDZ3GVOLE2&keywords=goclips&qid=1692206302&sprefix=goclips%2Caps%2C119&sr=8-2,

as well as at tradeshows and through their distribution network. By virtue of Plaintiffs' promotion of the *GoClips®* products, they have become well known in the industry as associated with Plaintiffs, earning Plaintiffs valuable and residual goodwill and reputation in the minds of industry participants for being the source for *GoClips®* devices.

15.     Plaintiffs have established unique marketing for *GoClips®* products which consists of a combination of images and video clips showing these *GoClips®* devices in use in different installation settings, employing the advertising slogan "5 second anchors", and certain distinctive advertising verbiage on their ease of use. Examples are:







16.     *GoClips®* devices are slot-based, sink anchors, which provide granite manufacturers and installers, home improvement companies, plumbers and do-it-yourself (DIY) consumers with a novel way to securely undermount sinks to granite and other hard countertop surfaces, quickly, easily and inexpensively, without interfering with under cabinet storage space. Because of their reliability, ease of use, strength, nominal profile, and low cost, *GoClips®* devices quickly gained a foothold among countertop manufacturers and installers, plumbers, sink installers, and DIY consumers as a secure, efficient and low cost way to undermount sinks to countertop surfaces.

17.     Prior to patent grant, GoClips' product packaging was marked "Patent Pending" to notify buyers of the pending patent application.    Following the USPTO's issuance of the '754 patent, *GoClips'* product packaging was modified to reflect the patent number issued by the USPTO, and *GoClips*® have been so marked ever since.

18.     Defendant is a manufacturer, marketer and/or distributor of tooling and devices used in the fabrication and installation of granite and natural stone countertops. Defendant has established a manufacturing niche in the sink clip market space by copying the inventions of others, including Smith.

19.     Defendant has manufactured, marketed and exported knockoff devices which Defendant calls "Sinkits Sink Clips", and which are substantially similar to the patented GoClips products from Defendant's manufacturing facility in the mainland of the People's Republic of China.



*See* Defendant's Product Catalogue at page 5, attached as **EXHIBIT B**.

20.     Upon information and belief, Defendant has exported into the United States and distributed these knockoff devices to buyers within the United States. The counterfeit sink anchoring clamps which Defendant manufactures, markets, and exports into the United States and sells in the United States embody the claims of the '754 patent.

21.     In size, shape, and appearance, the knockoff devices, which Defendant manufactures, exports to the United States, sells and distributes under the name "Sinkits Sink Clips" are the same in function and in substantially the same form to authentic *GoClips*® devices.

22.    Defendant's misconduct described herein is knowing, willful and deliberate. Defendant has purposefully targeted GoClips's customers with Defendant's counterfeit sink anchors depicted above with a design to put Plaintiffs out of business.

23.    Defendant has undercut Plaintiffs' marketing, sales and distribution efforts, sowing confusion in the United States by pumping counterfeit GoClips products into the United States stream of commerce.

24.    Defendant has taken unfair advantage of the goodwill that Plaintiffs have established with *GoClips®* products in the United States, in order to trade upon the trust consumers and market participants possess in the strength, speed and efficacy of the *GoClips®* products.

25.    Upon information and belief, Defendant continues to violate Plaintiffs' rights with respect to the '754 patent and continues to damage Plaintiffs by exporting into the United States, marketing, selling and distributing knockoff products under the tradename "Sinkits Sink Clips", and upon information and belief, Defendant's infringing conduct will continue if not enjoined.

26.    Plaintiffs have been irreparably harmed by Defendant's misconduct.

27.    Plaintiffs have retained the undersigned counsel to represent them in this action and have agreed to pay said counsel a reasonable fee.

28.    All requisite conditions to the filing of this action have occurred or been waived by Defendant.

## COUNT I – INFRINGEMENT OF THE '754 PATENT BY DEFENDANT

29.    Plaintiffs adopt by reference paragraphs 1 through 28 of this Complaint as though more fully set forth herein.

30.    This is an action for patent infringement against Defendant pursuant to 35 U.S.C. §§ 271, *et. seq.*

31.    Defendant has willfully, deliberately, and intentionally infringed the '754 patent. Defendant's infringing conduct constitutes literal infringement of the '754 patent and/or infringement under the doctrine of equivalents.

32.    On information and belief, Defendant intends to continue its infringing activities described herein.

33.    Defendant's knockoff products are near identical copies of Plaintiffs' *GoClips®* devices, and Defendant's knockoff products have no alternate, non-infringing use.

34.    Defendant has been placed on notice of the '754 patent and is on notice of Plaintiffs' *GoClips®* products, and yet continued to infringe the '754 patent.

35.    Defendant's acts as described above have been without right, license, or permission from Plaintiffs.

36.    Defendant's willful, deliberate, and intentional infringement of the '754 patent has caused the Plaintiff irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

37.    Defendant's willful, deliberate, and intentional infringement of the '754 patent entitles the Plaintiffs to recover, among other things, their treble damages, reasonable attorneys' fees, and costs under 35 U.S.C. §§ 284 and 285.

38.    Plaintiffs have no adequate remedy at law without the intervention of this Court and monetary damages alone are insufficient to compensate Plaintiffs. Accordingly, in addition to damages, Plaintiffs are entitled to  permanent injunctive relief.

WHEREFORE, Plaintiffs respectfully request that this Court:

(i)    Enter judgment in favor of Plaintiffs and against Defendant for the infringement of the '754 patent;

(ii)    Enter judgment in favor of Plaintiffs and against Defendant for willfully infringing the '754 patent;

(iii)    Enter judgment in favor of Plaintiffs and against Defendant for damages for patent infringement under 35 U.S.C. § 284, pre and post judgment interest, and awarding Plaintiffs recovery of their costs;

(iv)    Award Plaintiffs enhanced damages under 35 U.S.C. § 284 for Defendant's willful infringement of the '754 patent;

(v)    Award Plaintiffs recovery of their costs for bringing this lawsuit, including litigation expenses, and expert witness fees as the prevailing party;

(vi)    Enter an order declaring this case exceptional under 35 U.S.C. § 285 and a judgment in favor of Plaintiffs requiring Defendants to pay Plaintiffs reasonable attorneys' fees, litigation expenses, expert witness fees, and costs;

(vii)    Enter an order and a judgment permanently enjoining Defendant, Defendant's officers, agents, employees, affiliates, subsidiaries, franchisees, distributors, customs brokers, importers, customers and all persons and entities acting in concert with the Defendant, or on behalf of the Defendant from making, exporting to the United States, importing into the United States, marketing, using, selling, offering for sale, or selling the counterfeit GoClips products and any other product that infringes any claim of the '754 patent; and

(viii)  Such other relief to Plaintiffs as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues so triable.

**PIERSON FERDINAND, LLP**

*/s/ Vincent Bushnell*

13

Charles G. Geitner, Esq.
 (*pro hac vice* application to be submitted)
charles.geitner@pierferd.com
P.O. Box 1572
Ruskin, Florida 33575-1572
Vincent Bushnell
Georgia Bar No. 098999
vincent.bushnell@pierferd.com
260 Peachtree Street NW
Atlanta, Georgia 30303
(813) 724-3140
(813) 724-3179 (facsimile)
*Attorneys for Plaintiffs GoClips LLC*
*and Z Keepers, LLC*